UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH LEVI BRYANT,

      Plaintiff,

v.

                                       Case No. 26-cv-10917
                                       Honorable Linda. V. Parker

CYLENTHIA LATOYE MILLER,
ASIA LASHA LEWIS, FRANK HARDESTAR,
ALISA SHANNON, JONATHAN SCHULMAN,
CHARTER COUNTY OF WAYNE,
CITY OF DETROIT, THOMAS BOYD, and
MEGAN K. CAVANAGH,

      Defendants.
_____/

## OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND (3) SUMMARILY DISMISSING PLAINTIFF'S CLAIMS AGAINST SOME DEFENDANTS

On March 19, 2026, Plaintiff filed a pro se Complaint in this Court (ECF No. 1), along with a motion for temporary restraining order ("TRO") and preliminary injunction (ECF No. 2) and application to proceed in forma pauperis ("IFP") (ECF No. 3). Plaintiff filed an amended complaint on April 13, 2026. (ECF No. 11.) He names the following Defendants in his pleadings: Wayne County Circuit Court Judge Cylenthia LaToye Miller; Wayne County Assistant Prosecuting Attorney Asia Lasha Lewis; Wayne County Circuit Court

Administrator Frank Hardester; Wayne County Circuit Court Deputy Administrator Alisa Shannon; defense attorney Jonathan Schulman; Charter County of Wayne ("Wayne County"); the City of Detroit; State Court Administrator Thomas Boyd; and Chief Justice of the Michigan Supreme Court Megan K. Cavanagh.

The Court is granting Plaintiff's IFP application, denying as moot his motion for a TRO and preliminary injunction, and summarily dismissing several defendants.

## Background

In this lawsuit, Plaintiff asserts a violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983, arising from his criminal prosecution for Assault with Intent to Murder, Assault with Intent to Do Great Bodily Harm Less than Murder, and multiple weapons offenses in Wayne County Circuit Court. (*See* ECF No. 11 at PageID.416; *see also id.* at PageID.422 ¶ 22.)  In those proceedings, Plaintiff pled guilty to one count of Assault with Intent to Do Great Bodily Harm Less than Murder before Judge Miller on February 26, 2026.  (ECF No. 11 at PageID.423 ¶ 24.)  He subsequently moved unsuccessfully to withdraw his guilty plea and for Judge Miller to disqualify herself.  (*Id.* ¶ 26.)  On March 26, 2026, Judge Miller assigned Plaintiff Holmes Youthful Trainee Act ("HYTA") status.  (*Id.* at PageID.417 ¶ 2.)  He is currently serving an undesignated period of

confinement at the Michigan Department of Corrections Thumb Correctional Facility, which is the designated facility for male youthful trainees sentenced under HYTA. (*Id.*; *see also id.* at PageID.424 ¶ 31.)

Asia Lasha Lewis was the Assistant Prosecuting Attorney who prosecuted Plaintiff's criminal matter. (ECF No. 11 at PageID.419 ¶ 10.) Jonathan Schulman was Plaintiff's court-appointed defense counsel. (*Id.* ¶ 13). Frank Hardestar is the Wayne County Court Administrator, responsible for the financial administration of Wayne County Circuit Court, including the collection, recording, and remittance of criminal cost assessments to the County's General Fund. (*Id.* ¶ 11.) Alisa Shannon is the court's Deputy Administrator, who shares responsibility with Hardestar for its financial operations. (*Id.* ¶ 12.)

Thomas Boyd is the State Court Administrator for the Michigan Supreme Court, responsible for overseeing the statewide administrative framework of the Michigan courts, including the financial reporting and management structures that connect court fee assessments to the Michigan Judges' Retirement System. (*Id.* at PageID.420-21 ¶ 16.) Megan K. Cavanagh is Chief Justice of the Michigan Supreme Court. (*Id.* at PageID.421 ¶ 17.) Justice Cavanaugh's duties as Chief Justice include oversight of the State's entire court system, including structural policies governing how Michigan courts generate and manage revenue. (*Id.*)

**Plaintiff's Due Process Claim and Motion for Injunctive Relief**

Plaintiff claims that his rights have been violated due to "a systemic, institutional financial conflict of interest that Michigan's own judicial oversight body has formally acknowledged." (ECF No. 11 at PageID.416 ¶ 1.)  Specifically, Plaintiff claims a conflict of interest arises from Wayne County's "policy and practice of directing criminal cost assessment revenue into its General Fund, from which it compensates the judges, prosecutors, and court-appointed defense attorneys whose adjudicative decisions generate that revenue[.]"  (*Id.* at PageID.420 ¶ 14.)  As Plaintiff explains differently, the General Fund "pays the salaries of circuit court judges, prosecutors, and court-appointed defense attorneys . . . the very individuals who generate criminal assessments—the judges who impose them, the prosecutors who seek them, and the defense counsel who do not contest them . . .."  (*Id*. at PageID.421 ¶ 19.)  Thus, Plaintiff maintains that these individuals have an incentive to drive up criminal assessments.

Plaintiff asserts a facial challenge to the financial arrangement, not an as-applied challenge.  Plaintiff does not allege any facts to suggest that Judge Miller or any named defendant acted impartially in his criminal proceedings, specifically. He asserts that he is not attempting to relitigate his guilt or innocence, but the constitutional adequacy of the process under which his guilty plea was taken.  (*See* ECF No. 11 at PageID.427 ¶ 39.)  He is seeking instead "a new, constitutionally

adequate proceeding before a neutral tribunal." (*Id*.)  Plaintiff argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar his § 1983 claim because, under HYTA, no judgment of conviction has been entered. (*Id.* at PageID.426-27 ¶ 38.)

In the motion for a temporary restraining order and preliminary injunction, Plaintiff asked this Court to stay the state-court criminal proceedings.  (ECF No. 2.)  Specifically, Plaintiff sought to enjoin the sentencing that was then scheduled eight days later, on March 26.

## Discussion

The Court is granting Plaintiff's IFP application.  When a Complaint is filed IFP, the district court has an obligation to engage in a summary review and dismiss the case if it finds that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Having engaged in that review, the Court concludes that many defendants named in this action must be summarily dismissed.

The Court also is denying as moot Plaintiff's motion for a TRO and preliminary injunction, as he now has been sentenced before Judge Miller. Moreover, the Court finds that Plaintiff is not likely to succeed on the merits of his due process claim for the reasons the Michigan Court of Appeals articulated in *People v. Johnson*, 971 N.W.2d 692 (2021).  In *Johnson*, the court rejected the

same challenge to the use of costs collected under Michigan Compiled Laws § 769.1k to raise revenue for the courts.

To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff also must allege each defendant's personal involvement to state a claim under § 1983 against that defendant. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691-92 (1978). A municipality may be liable under § 1983 "when it unconstitutionally 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers.'" *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999) (quoting *Monell*, 436 U.S. at 690).

The Court finds many named defendants either immune from liability or not subject to liability under § 1983 for the acts alleged here. Notably, Plaintiff does not claim that any of the individual defendants were responsible for instituting the financial structure he challenges in this case. Plaintiff does not allege that the individual defendants are vested with the authority to create the financial system

Wayne County follows to collect criminal assessments and submit them for inclusion in the General Fund.

Judge Miller's role was in connection with Plaintiff's criminal proceedings. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1968); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994)). This immunity extends to suits against state court judges under § 1983, *id.* (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson*, 386 U.S. at 554-55), and has been expanded to prohibit injunctive and equitable relief against a judicial officer, *Coleman v. Governor of Mich.*, 413 F. App'x 866, 873 (6th Cir. 2011) (citation omitted). It also extends "to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice[.]" *Id.* (citing *Pierson*, 386 U.S. at 554; *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

There are only two limited instances where judicial immunity does not apply: "the judge's activities were 'non-judicial' in nature or . . . performed without any jurisdiction to do so." *Brookings*, 389 F.3d at 617 (citing *Pierson*, 386 U.S. at 554; *Mireles*, 502 U.S. at 11; *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978)). While Plaintiff attempts to qualify Judge Miller's actions as non-judicial, he complains only about her role in his criminal case.

Assistant Prosecuting Attorney Lewis' involvement also is limited to her prosecution of Plaintiff. "[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when [the prosecutor] acts within the scope of his [or her] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). A prosecutor is absolutely immune for "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Cooper v. Parrish*, 203 F.3d 937, 946-47 (6th Cir. 2000). Prosecutorial immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom[.]" *Buckley*, 509 U.S. at 272 (quoting *Imbler*, 424 U.S. at 431, n.33).

Plaintiff's § 1983 claim against Attorney Schulman is not viable. It is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981) (citing *Elrod v. Mich. Sup. Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes.").

Wayne County Circuit Court Administrator Hardestar and Deputy Administrator Shannon are entitled to immunity, as well. "[T]he Supreme Court

8

has extended the protections of absolute judicial immunity to 'non-judicial officers who perform quasi-judicial' duties." *Cooperrider v. Woods*, 127 F.4th 1019, 1030 (6th Cir. 2025) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)).  Quasi-judicial functions are "tasks so integral or intertwined with the judicial process" that the person is "considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).  Therefore, a person who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected.  *Id.* (holding that court employee who executes court order is entitled to judicial immunity); *Alkire v. Irving*, 305 F.3d 456, 469-70 (6th Cir. 2002) (finding clerks entitled to judicial immunity for issuing bench warrant at judge's direction); *Riser v. Schnieder*, 37 F. App'x 763, 764 (6th Cir. 2002) (finding that court clerk was entitled to quasi-judicial immunity whether or not the clerk committed any errors in handling the plaintiff's case); *In re Castillo*, 297 F.3d 940, 952 (9th Cir.2002) (finding absolute quasi-judicial immunity extended to court clerks "for purely administrative acts-acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function.").

Shannon and Hardestar collect the criminal assessments a judge has ordered a defendant to pay.  Thus, they are performing a task that is an integral part of the judicial process.  They are entitled to quasi-judicial immunity.

Lastly, Plaintiff fails to allege facts to support a municipal liability claim against the City of Detroit.  Plaintiff acknowledges that the revenue-collection policies challenged are those of Wayne County, not the city.  (*See* ECF No. 11 at PageID.420 ¶ 15.)  Municipal liability requires proof that a policy or practice *of the municipality-defendant* was the moving force behind the alleged violation of the plaintiff's constitutional rights.

### Summary

In conclusion, the Court **GRANTS** Plaintiff's IFP application (ECF No. 3). However, the Court **DENIES** Plaintiff's motion for a TRO and preliminary injunction (ECF No. 2).  The Court **SUMMARILY DISMISSES** pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's claim against the following: Cylenthia LaToye Miller, Asia Lasha Lewis, Frank Hardester, Alisa Shannon, Jonathan Schulman, and the City of Detroit.  The Clerk of the Court shall **TERMINATE** these Defendants as parties to the action.

    **SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: May 11, 2026

10

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 11, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager