UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH LEVI BRYANT,<br><br>                                   Plaintiff,<br><br>v.<br><br>CHARTER COUNTY OF<br>WAYNE, *et al.*,<br><br>                                   Defendants. | Case No. 26-cv-10917<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S
MOTION TO APPOINT COUNSEL
(ECF NO. 20)**

Plaintiff Jeremiah Levi Bryant moves for appointment of counsel. ECF No. 20.  Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances."  *Id*. at 606.  Appointment of counsel under § 1915(e)(1) is rare because

"there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense."  *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions."  *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Bryant maintains that he needs counsel because of the extraordinary complexity of his constitutional claims.  The Court agrees that appointment of counsel is warranted here.

Bryant alleges that Wayne County's policy of using criminal cost assessment revenue to fund court operations, as allowed under Michigan Compiled Law § 769.1k(1)(b)(ii), creates an unconstitutional conflict of interest.  ECF No. 13, PageID.438.  Judge Parker found that Bryant is

2

unlikely to succeed on the merits of that claim for the reasons stated in *People v. Johnson*, 971 N.W.2d 692 (Mich. Ct. App. 2021). *Id*. (citing ECF No. 11, PageID.416, 420-21). The *Johnson* court found § 769.1k(1)(b)(ii) constitutional. 971 N.W.2d at 700-05. But *Johnson's* holding is not beyond dispute, as one of the judges on the panel dissented. 971 N.W.2d at 705-12. And a plaintiff with standing may challenge the constitutionality of state statutes in federal court. *See, e.g., Green Party of Tenn. v. Hargett*, 791 F.3d 684, 691, 695 (6th Cir. 2015). Determining whether Bryant has standing will itself require careful analysis. *Id*. at 695.

Considering the complexity of the constitutional issues and plaintiff's limited ability to present them, appointment of counsel would substantially assist the Court and promote a just adjudication. Thus, the Court **GRANTS** Bryant's motion. The case will be stayed for **30 days** while the Court attempts to obtain pro bono counsel. If pro bono counsel is not obtained within **30 days**, the stay will be lifted, and Bryant will proceed pro se.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 22, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

3

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

4